KING *et al.*, Respondents, v. BLENNERHASSETT *et al.*, Appellants.

1. A., being indicted for the murder of B., employed C. as attorney-at-law to defend him. As compensation for the services to be rendered, A. conveyed to C. a tract of land. C., after rendering some service as attorney, died, and D. was employed as attorney to defend A. As compensation for professional services rendered, A. conveyed to D. the same land previously conveyed to C. *Held*, that there was no equity in favor of D. that would entitle him to have the conveyance to C. set aside and the title vested in himself in whole or in part.

*Appeal from Jefferson Circuit Court.*

This was an action by Robert A. King and Edmond A. Nickerson against the administratrix and heirs of R. S. Blennerhassett, deceased. The plaintiffs in their petition seek to have a certain deed of conveyance made by Nelson Cross to said R. S. Blennerhassett set aside and the title to the land embraced in said deed vested in plaintiffs. The facts substantially are as follows: One Nelson Cross was indicted for murder by the grand jury of Jefferson county. He employed R. S. Blennerhassett as counsel to defend him. Mr.

King v. Blennerhassett.

Blennerhassett agreed to attend to the case until it should be finally disposed of, and to take in full compensation for his services a conveyance of a certain tract of land containing about forty acres. Cross made a conveyance of said tract to Blennerhassett. Blennerhassett rendered some services as counsel, examining into the facts, and applying for and securing a change of venue, &c., but died before the cause came on for trial. When the cause came on for trial, Cross employed the plaintiffs as counsel to defend him. For their services he conveyed to them the same land previously conveyed to Blennerhassett. The plaintiffs offered to pay to the defendants such sum as the court should ascertain to be a reasonable compensation for the services rendered by Blennerhassett before his death. The above are the facts as set forth in the petition and made out by the evidence.

The court set aside the deed to Blennerhassett and decreed that the title be vested in plaintiffs upon their paying to defendants seventy-five dollars and costs of suit.

*C. C. Simmons*, for appellants.

I. The plaintiffs have totally failed to present a case which entitles them to a standing in a court of equity. (1 Young & Coll. 481; Sto. Eq. § 1040; Sto. on Contr. § 376; 22 Mo. 370; Chitt. on Contr. 743; 3 Rand. 504; 6 Conn. 458.)

*King & Nickerson*, for respondents.

I. The consideration of the deed failed by reason of Blennerhassett's death. The court very properly set aside the deed upon making compensation for the services which he had performed. Whatever equity Cross had enured to plaintiffs.

SCOTT, Judge, delivered the opinion of the court.

We do not see on what rules of law or principle of equity this suit can be maintained. The deed to Blennerhassett was an absolute and unconditional one. Had the land been conveyed for money and the purchase money been unpaid, the grantors would have had a lien on the land for the sum

remaining due. Here the land was granted for services performed and to be performed. If those who conveyed the land had any recourse against Blennerhassett for his failure to perform the services stipulated, it would be an action against his representatives for damages. There is no rule of equity, that we are aware of, that would create a lien on the land for the payment of those damages. The subsequent deed, then, to the plaintiffs conveyed no interest in the land to them, as there was no interest in the grantors to convey. The deed, under the most favorable aspect, could only have operated as an assignment of the right of action against Blennerhassett's estate to the plaintiffs. It is not necessary to determine now whether it had that effect or not, as we do not deem it important.

The petition is not for the specific performance of the contract with Blennerhassett, nor yet to set aside the conveyance for a total or partial failure of consideration; in either of which views the defendants would have a right to retain the land on making good the consideration of the deed. The right of the plaintiffs to a decree is based solely on the conveyance of the grantors, who had previously conveyed to Blennerhassett.

It may be observed that all the grantors who joined in the deed to Blennerhassett did not, as appears from the deed as set out in the bill of exceptions, unite in the deed to the plaintiff. How, then, would they be entitled to recover the entire lot relying on their deed alone? This point was not raised in the court below, nor do we base our judgment upon it. The motion in arrest of judgment should have been sustained. Judgment reversed; the other judges concur.